State of Wisconsin, Plaintiff-Respondent,
v.
Steven P. Syrjala, Defendant-Appellant.
No. 04-1275.
Court of Appeals of Wisconsin.
Opinion Filed: November 30, 2004.
¶1 CANE, C.J.[1]
Steven Syrjala appeals a judgment of conviction of operating a motor vehicle while under the influence of an intoxicant (OWI), first offense. He argues there was no reasonable suspicion justifying the police officer to stop him. We disagree and affirm the judgment.
¶2 On June 12, 2003, at 2:11 a.m., officer Paul Smith of the University of WisconsinEau Claire police stopped Syrjala. Syrjala initially caught Smith's attention because Smith was unable to read the number on Syrjala's license plate. When Smith pulled up behind Syrjala at an intersection, he was able to read the license plate. Syrjala then made a left turn. After the turn, he drifted left within one foot of the centerline and then back to the right to within two feet of the curb. Smith then observed what he called a "rather abrupt turning maneuver." Syrjala "suddenly braked and signaled a right turn about three cars [sic] lengths before the intersection of Park Ave[nue]." Smith stated that people often behave in this manner when they think they are being followed by a police officer. He stated that normally, people signal a turn before they brake; but here, Syrjala braked at the same time he signaled.
¶3 Smith stated he stopped Syrjala based on the registration plate not being clearly visible as well as Syrjala's erratic driving. When Smith approached the car, he noticed a strong odor of intoxicants, Syrjala's speech was slurred and his eyes were glassy and bloodshot. Syrjala stated that he had drunk one vodka tonic and two beers. Smith then asked Syrjala to perform field sobriety tests and submit to a preliminary breath test. Based on the results of these tests, Smith arrested Syrjala for OWI.
¶4 Syrjala filed a motion to suppress the evidence resulting from the stop. He argued Smith did not have reasonable suspicion to justify the stop because Smith was able to read Syrjala's license plate by the time he made the stop. Further, he argued that while he may have weaved within his lane, he never crossed the centerline. Finally, he argued that it is not a violation to brake and signal a turn at the same time. Because these were the only bases for making the stop, Syrjala maintains these were not enough to justify the stop. The circuit court determined there was enough evidence for Smith to make the stop based on the lane drifting and the manner in which Syrjala made the abrupt right turn. Ultimately, Syrjala was convicted on the OWI charge.
¶5 Police may temporarily detain and question a subject if the police have reasonable suspicion to believe that the subject is involved in criminal activity. WIS. STAT. § 968.24; Jones v. State, 70 Wis. 2d 62, 66-67, 233 N.W.2d 441 (1975). This reasonable suspicion must be more than an "inchoate and unparticularized suspicion or `hunch.'" Terry v. Ohio, 392 U.S. 1, 27 (1968) (citation omitted). A law enforcement officer must "reasonably suspect, in light of his or her experience, that some kind of criminal activity has taken or is taking place." State v. Richardson, 156 Wis. 2d 128, 139, 456 N.W.2d 830 (1990). A trial court determining the reasonableness of the suspicion must consider the totality of the circumstances, including "both the content of information possessed by police and its degree of reliability." State v. Williams, 2001 WI 21, ¶22, 241 Wis. 2d 631, 623 N.W.2d 106.
¶6 Whether reasonable suspicion existed for an investigatory stop is a question of constitutional fact. Id., ¶18. We will uphold the trial court's findings of fact unless clearly erroneous, WIS. STAT. § 805.17(2), but we review de novo whether those facts meet the constitutional standard. Williams, 241 Wis.2d 631, ¶18.
¶7 Syrjala first argues that the court determined that his license plate was visible, based on the photographs. But the court also allowed for the possibility that it might have been less visible at night, and that time of day is a factor. It stated, "The license plate pictures that you've had admitted, 1 and 2, show the license plate clearly though Officer Smith testified it was a different time at night. I'm sure the time of day is a factor." Regardless, even if we were to assume that the visibility of the license plate was not a sufficient basis for the stop, the other behavior Smith observed was sufficient.
¶8 "The question of what constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience." State v. Young, 212 Wis. 2d 417, 424, 569 N.W.2d 84 (Ct. App. 1997). Before initiating a brief stop, an officer is not required to rule out the possibility of innocent behavior. State v. Anderson, 155 Wis. 2d 77, 84, 454 N.W.2d 763 (1990).
¶9 Here, Smith observed Syrjala drifting within his lane, and then making an abrupt right turn. He testified that it was unusual for people to brake and turn on their turn signal at the same time, and that people often make abrupt turns when they realize they are being followed by a police officer. Further, the stop occurred just after 2 a.m. Time of day is a factor in the totality of the circumstances equation. See State v. Flynn, 92 Wis. 2d 427, 435, 285 N.W.2d 710 (1979). From these circumstances, Smith had sufficient cause to stop Syrjala and investigate the cause of his erratic driving.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.